# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID V. BARNARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL CASE NO. 04-113-WDS |
| ) | |
| BRIAN THOMAS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is David V. Barnard's § 2254 petition for a writ of habeas corpus (Doc. No. 1). Barnard, currently confined at a mental health facility in Chester, Illinois, claims that his confinement violates the Ex Post Facto Clause of the U.S. Constitution because it exceeds the penalty imposed for his 1980 criminal conviction. He seeks immediate release from custody and permission to sue state employees in their individual capacities (Doc. No. 1). Respondent maintains that Barnard's habeas claim is barred by the applicable limitations period and that his claims are in procedural default. Barnard concedes that his claims were not adequately presented during the state court proceedings. He asks the Court to evaluate the merits of his claims on the basis that he received ineffective assistance from counsel in state court.

### I.     Background

In 1980, petitioner was convicted on three counts of taking indecent liberties with a child. He served three concurrent 13-year prison terms. In 1986, during his prison confinement, he was admitted to Chester Mental Health Center. Barnard was subsequently committed to the Illinois Department of Mental Health following civil proceedings in Randolph County Circuit Court. Those

proceedings, and some subsequent proceedings to continue Barnard's involuntary admission to a mental health facility, were challenged on appeal and affirmed (Doc. No. 17, Exs B, C, F). Petitioner has been an inpatient at the Chester Mental Health Center since 1986.

## II. Procedural Defenses

Respondent argues that Barnard's habeas petition is barred by § 2244(d), which imposes a one-year statute of limitations for habeas applications filed by a person in custody pursuant to the judgment of a state court. Respondent suggests that plaintiff is challenging a state court judgment that became final on February 28, 2001, and that the 1-year limitations period expired on February 28, 2002. Barnard attributes the delay to ineffective assistance of counsel in state court.

The materials on file suggest that, in addition to the appeals from the judgments of civil commitment, plaintiff filed state habeas petitions and petitions for discharge. These attempts to obtain release from confinement may have tolled the limitations period. See 28 U.S.C. § 2244(d)(2). Because the materials on file do not supply enough information to permit an accurate calculation of the limitations period, the defense is rejected at this time.

Respondent also argues that Barnard's habeas claims are in procedural default. Before Barnard may seek a writ of habeas corpus in federal court, he must first exhaust available state-court remedies, giving the state's highest court a full and fair opportunity to consider his federal claims. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).

This procedural defense appears to have merit. When petitioner appealed the 1991 order of commitment, he argued that he was "being punished" for the same conduct that resulted in his prison sentence, but did not ask the Illinois Appellate Court or the Illinois Supreme Court to reverse the judgment of commitment on the ground that it violated the *ex post facto* prohibition in the U.S. Constitution. Petitioner did present an *ex post facto* argument to the trial court in a pretrial motion

prior to the June, 2000, commitment proceedings.  On appeal, counsel filed a motion for leave to withdraw, identifying the *ex post facto* argument as a potential issue that lacked merit (Doc. No. 17, Ex. G).  The Illinois Appellate Court affirmed the decision to continue Barnard's commitment, finding no potential grounds for appeal.  More specifically, the Court found no merit to a potential *ex post facto* argument.  The Court explained that the *ex post facto* prohibition applies only to criminal legislation and that proceedings under the Mental Health and Developmental Disabilities Code are civil in nature (Doc. No. 17, ex. F).  Barnard did not present his *ex post facto* argument to the Illinois Supreme Court.  Barnard's failure to present the issue to the Illinois Supreme Court amounts to a procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Barnard attributes the defects in the state court proceedings to ineffective assistance of counsel.  The Court will consider claims in procedural default upon a showing of cause and prejudice.  *Murray v. Carrier*, 477 U.S. 478, 488 (1985).  To excuse his procedural default on the basis of cause, petitioner must show "that some objective factor" prevented him from presenting his *ex post facto* claim to the Illinois Supreme Court.  *Id*.  However, the Court will not consider ineffective assistance of counsel as cause for a procedural default unless the ineffective assistance of counsel claim was itself presented to the state courts as an independent claim.  *Id.* at 489; *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991).  Because petitioner did not present an ineffective assistance of appellate counsel claim to the state courts, he cannot offer that argument as a basis for excusing the procedural default.  Moreover, for the reasons set forth below, the Court is not persuaded that failure to consider Barnard's *ex post facto* claim will result in a fundamental miscarriage of justice.

### III.  Merits of Ex Post Facto Claim

Notwithstanding the procedural default, this Court may deny Barnard's habeas petition on

- 4 -

the merits. 28 U.S.C. § 2254(b)(2). Barnard is entitled to habeas corpus relief if the Illinois Appellate Court resolved his *ex post facto* claim in a manner that is contrary to or involves an unreasonable application of clearly established law, as decided by the U.S. Supreme Court. 28 U.S.C. § 2254(d)(1).

In resolving ex post facto claims, the Supreme Court has distinguished between statutes that impose punishment and those that establish civil, non-punitive proceedings. *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)(civil commitment proceedings did not violate *ex post facto* prohibition). The Illinois Appellate Court reasonably determined that Barnard's commitment is civil in nature. This finding is rationally based on evidence showing that Barnard was detained following civil, non-punitive proceedings authorized by the the Illinois Mental Health and Developmental Disabilities Act, which permits the detention and confinement of individuals who, as a result of mental illness, pose a danger to themselves or others. The Illinois Appellate Court's decision is not contrary to clearly established federal law and does not involve an unreasonable application of clearly established law. *Id.* In sum, if Barnard's *ex post facto* claim is considered on the merits, Barnard is not entitled to habeas corpus relief under 28 U.S.C. § 2254.

IT IS RECOMMENDED that David Barnard's § 2254 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed with prejudice.

SUBMITTED:   December 28, 2005   .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**